SCANNED

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT UNDER THE
CIVIL RIGHTS ACT, 42 U.S.C. § 1983, WITH JURISDICTION
UNDER 28 U.S.C. § 1343

U.S. DISTRICT COURT
DISTRICT OF MAINE
RECEIVED AND FILED

2011 OCT -6 P 4: 41

DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

Vincent Lee Robinson )
[Enter above the full name of )
the plaintiff in this action] )
 )
 )
v. ) Docket no.
 )
John E. Morris, Commissioner )
 )
Paul R. Lepage, Governor )
 )
Et. AL )
[Enter above the full name of )
the defendant(s) in this action] )

I. Previous Lawsuits

    A.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?    Yes [ ]    No [✓]

    B.    If your answer to "A" is yes, describe the lawsuit in the space below. [If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline]

        1. Parties to this previous lawsuit

        Plaintiff(s)   N/A

        Defendant(s)   N/A

        2. Court [If federal court, name the district; if state court, name the county]

        3. Docket number

    4. Name of judge whom case was assigned _____

    5. Outcome [for example: It is still pending? Was it dismissed? Was it appealed] _____

    6. Approximate date of filing lawsuit _____

    7. Approximate date of outcome _____

II. Place of present confinement _____

  A. Is there a prisoner grievance procedure in this institution?
    Yes [✓]   No [ ]

  B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?  Yes [ ]  No [✓]

  C. If your answer is "Yes"

    1. What steps did you take? __IS not an institutional issue for the Jail.__

    2. What was the result? __N/A__

III. Parties

[In item "A" below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.]

A. Name of Plaintiff __Vincent Lee Robinson__

   Address __ACJF, 5060 Atlantic Avenue, May's Landing, N.J. 08330__

[In item "B" below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item "C" for the names, positions, and places of employment of any additional defendants.]

B. Name of Defendant __John Morris__

   Position __Commissioner of Department of Public__

   Address __Safety. 45 Commerce Drive, suite 1 Augusta, ME 04330__

C. Additional Defendant(s) State of Maine, sex offender Registry.
Paul R. Lepage, Governor of the State of Maine.

IV. **Statement of Claim**

[State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.]

"Please see attached"

V. **Relief**

[State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.]

"Please See attached"

_____
Signature of Plaintiff

Signed this _____ day of _____, 20__

I declare under penalty of perjury that the foregoing is true and correct.

_____              _____
Date                                  Signature of Plaintiff

Statement of claim: Page 1

1). On July 2, 1998, I was sentenced to 17 year's with all but 12 year's suspended for Gross Sexual Assault, (class A), 17-A M.R.S.A. § 253. And one count of Criminal Restraint, (class D), 17-A M.R.S.A. § 302. I was then ordered to register for a period of 15 year's upon my release with six year's probation.

2). On July 21, 2008, just 7 day's prior to my release, in the presence of, S.P. Maxwell, while at the Maine State Prison, I signed an acknowledgment of the "Notice of Duty to Register" and satify other duties under 34-A M.R.S.A. § 11222, in addition to: Specifically, I acknowledged the information contained in parragraph 2 of the lifetime registrant pursuant to that chapter and that if I moved to another state I must register my new address not latter than 5 days "after" establishing a residence in that state. I signed that form acknowledging that if I violated those requirements, including leaving the state of Maine, that I understood that I have committed a class D crime.

3). On July 21, 2008, I signed yet another form, the initial registration and information form in the presence of, S.P. Maxwell.

4). On July 22, 2008, I initially registered with the state of Maine sex offender registry as a "lifetime" registrant pursuant to 34-A M.R.S.A. [§§ 11201-11256].

Statement of Claim: Page 2

5). I was released from the Maine State Prison after having served 11 year's incarceration, less good time, without insident. In 1999 The Legislature enacted SORNA of 1999, which applied prospectively to a wider variety of offenses and imposed requirement's on registrant's that were more demanding than those of the prior version's of the Sex offender Statute's. (effective September 18, 1999).

6). One year following my conviction, SORNA of 1999 recognized Two categorie's of offender's, "sex offender's" and "Sexually violent predator's", based on the crimes which offenders were convicted.

7). "Sex offender's" were required to register for Ten and fifteen year's, and "sexually violent predator's" were required to register for life.

8). The public notification requirement's were the same as under SORNA of 1995. Relief from the duty to register was available only in the event of a pardon, or the offender's conviction was reversed, vacated, or set aside.

9). Sentencing Judge's no longer had the discretion to waive the registration requirement for offender's sentenced on or after September 18, 1999.

statement of claim: Page 3

10). In 2008, I became subject to the more stringent requirements of SORNA of 1999 as a result of a legislative amendment that made the law apply retroactively to all person's sentenced for sex offenses or sexually violent offenses on or after June 30, 1992, and before September 18, 1999

11). Because SORNA of 1999, as amended, deemed the crime for which I was convicted in 1998 a "sexually violent predator" and the duration of my duty to register increased from fifteen years to my entire lifetime. I subsequently lost the right to seek a waiver of the registration and notification provisions.

12). In addition, while I was previously required to contact local law enforcement to provide my new address only if and when it came to a change, SORNA of 1999 mandated that I report in person to my local law enforcement agency every ninety day's to varify my domicile, residence, place of employment, and college or school being attended, to be fingerprinted, and to provide a photograph of myself.

13). In it's first regular Legislative session in 2003, the legislature, as part of a series of further revision's to SORNA of 1999, enacted the requirement that the State Bureau of identification maintain an internet site posting information regarding registrants.

Statement of Claim: Page 4.

14). The legislature expanded my duty to inform the Bureau of a change in domicile, requiring disclosure to the Bureau if I established a new place of employment or if I attended a new place of employment or if I attend a new school. (effective September 13, 2003).

15). The Legislature enacted other changes in it's second Session in 2003. It required that I notify local police within Twenty-four hours of beginning employment or school, or establishing a residence, and it shortened the time limit for notification to the Bureau from Ten days to five days.

16). Additionally, the legislature eliminated the requirement, effective July 30, 2004, That SORNA of 1999 registration be made a part of an offender's criminal sentence. "The 'as part of the sentence" language was deleted and replaced with the following Language: "At the time the Court imposes a sentence, The court Shall order every natural person convicted of a sex offense or a Sexually violent offense to satisfy all requirements set forth in the sex offender and notification Act of 1999".

17). The ligestature made further changes in 2005, extending application of SORNA of 1999 retroactively to January 1, 1982. (effective September 17, 2005). It also elevated the classification of repeted failure to Comply with SORNA of 1999, making a second

Statement of Claim: Page 5

failure to comply a Class C offense and a failure to comply more than twice a class B offense. (effective September 17, 2005).

18). I registered for the first time under SORNA of 1999 in July 22, 2008, and that I signed an acknowledgment of my duty to register and keep my registration updated in July 21, 2008.

19). On December 22, 2009, I was assigned to probation officer, Don Muth, Bangor region. Muth stated that I was a lifetime registrant, Tier 3.

20). From December 22, to on or about July 2010, I was subjected to both psychological and physical Abuse by Don Muth. Muth had conducted strip serches of me in my home, once per week, for about 7 months.

21). Muth had forced me to walk several mile's per day, knowing that I was disabled with a bad hip and heart trouble to look for employment at the Career Center in Bangor, Maine. I was also forced to collect returnables to afford my co-pay for sex offender counseling with Dewayne Hogan.

22). Don Muth restricted me from visiting my terminally ill, 71-year old Mother, Phyllis Robinson who lived at: 161 Hammond St. Apt #1, Bangor, me 04401. Muth also

Statement of claim: Page 6

stated that it was because The Y.M.C.A. was nex to my mother's residence and that there had been a child day-care there.

23). In February 2010, I moved into 64 Center st. #8 Bangor, Maine right next to a fully functional child day-care center not 25 feet near that center's outside play ground. Muth had restricted me from being near the Bangor Public Library on Harlow st. 64 Centerstreet, my home, was behind the Bangor Public Library. Muth also restricted me from being around any school's. 64 center street was next to broadway school. Muth had restricted me from attending church. 64 center street was next to a church.

24). Mr. Muth had Terrorized me with respects to my friendship at the time with my adult female friend, Francine Catherine White, whome lived down stairs in my building. Muth asked me if I was Fucking her, that one of his probationer's, John Huranious, reported to Muth that I had a 12 year old girl in my room "Banging" her. Muth told Francine not to have anything to do with me.

Statement of claim: Page 7.

25). Muth had psychologically abused me while at his office on Wensday's. He would call me names, tell me that I was the worst type of sex offender, that he was not going to Let up on me, that people like me do not deserve a 2nd chance, that he didn't like sex offenders, that that's why the Federal Government created the gass Chamber, and that I made him sick.

26. In July 2010, I had attempted to kill myself by attempting to jump of the Bangor Brewer Bridge because I couldn't take any more of Don Muth's Attack's on me. Francine white stoped me and I decided that other than going threw any more Torment by muth I would leave Maine.

27). On or about July 2010, I had obsconded from my Probation officer then left the state of Maine with my Then fiance, Francine white, who purchased Two tickets on a mass transit bus line bound for New York City. once we had arrived at the Port Authority bus station we became stranded and homeless. we lived on the street from July to the end of September 2010.

Statement of claim: Page 8.

28). At the end of September 2010, we purchased Two Tickets on a bus to New Jersey after having panhandled on the streets of New York. We arrived in New Jersey and started living under the Boardwalk.

29). On October 26, 2010, after the Atlantic city police had received a Tip that I was wanted out of the state of Maine on a Fugitive warrant, I was arrested and badly beaten by police. I had sustained serious injury's.

30). Approximately five month's and 20 days following my arrest, on April 15, 2011, the United States of America filed a complaint charging me with failing to register under the Sex Offender Registration and Notification Act ("SORNA"), 42 USC. § 16913, after traveling in interstate commerce in violation of Federal criminal Penalty Statute, 18 U.S.C. § 2250(a) and 42 U.S.C. § 16901 et. seq.

31). In June 2011, The Federal Grand Jury for the district of New Jersey, sitting in Camden, returned an Indictment for a Violation of 42 U.S.C. § 16901 et. seq and 18 USC. § 2250 (a).

Statement of Claim: Page 9.

32). With respects to title 18 U.S.C.A. § 2250(a)(1),(B)(3), I could be fined under this title or imprisoned not more than 10 years, or both. As apposed to the state criminal penalty under chapter 15 34-A M.R.S.A. § 11222 which I had acknowledged to be a class D crime if I lef the state of Maine and failed to register.

33). At the time I acknowledged my duty to register in July 21, 2008, The Maine Supreme Judicial Court stated that the current version of the Federal SORNA, 42 USCS. §§ 16901 - 16929 (2008 + Supp. 2009), That Act provided that: The Attorney General Shall consider whether the jurisdiction is unable to substantially implement this title because of a demonstrated inability to implement certain provisions that would place the jurisdiction in violation of it's constitution, as determined by a ruling of the jurisdctional highst court. 42 USCS § 16925(b)(1) (2008).

Respectfully submitted.

*[signature]*

Vincent Lee Robinson #190359

Relief: Page 1.

1). The court should find that: The Notice of Duty To Register form, A-6.2-A-B-9/17/05, consists of 6 parragraph's with respect's to information that set's forth both statutory requirement's and duties that were placed on me once I was released from the Maine State Prison.

2). That: John E. Morris is the Commissioner of the Department of Public Safety, Sex offender Registry. He is the person responsible for the content of the information contained in the "Notice of Duty to Register" form provided to me.

3). I was subsequently charged with a federal offense after having traveled from Maine to New Jersey in 2010., Contrary to the provision's of the "Notice of Duty to Register" form which stated a class D crime only if I traveled out of state.

4). That: the state of Maine failed to inform me that any other criminal penalty existed that coincided with The state of Maine class D charge for a failure to register in another state.

Relief: Page 2.

5). That: due to the neglance of John E. Morris, Commissioner, I have suffered both psychological and physical suffering due to the false information contained in the Notice of Duty to Register Form I had acknowledged on July 21, 2008.

6). ThaT: John E. Morris was acting under color of Law at the Time I Signed the Notice of Duty to register form of July 21, 2008.

7). That: John E. Morris should pay me 5 Million Dollars for damages I have sustained as a result of his neglence in providing misleading information in The Notice of Doty to register Form.

8). That: The statutory reflects that, beginning in 1996, the SORNA of 1995 registration requirements were imposed as part of a sentence. The statute at the time stated that as part of a sentence, the court shall order convicted offenders to register. That SORNA requirements were historically part of the sentencing process, beginning in 1996, indicated that SORNA of 1999 is Punitive, as the majority of the court's have previously held, but it is also important to note that the 2003 amendment did not, in itself, make the registration requirement's less punitive or otherwise remove the constitutional infirmity.

Relief: Page 3.

9). The court should also find that SORNA of 1999 promotes retribution. The state of Maine is responsible for all damages as the result of the misleading information in the "Notice of Duty to register" form of 9/17/05.

10). In addition to John E. Morris, Commissioner. The State of Maine, Department of Public Safety, Augusta, Maine, Paul R. Lepage, Governor, of the State of Maine should pay me 5 million Dollars for damages I have sustained as the result of his neglence.

Respectfully submitted.

Vincent Lee Robinson #190359