UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VINCENT LEE ROBINSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:11-cv-00378-DBH |
| | ) |
| JOHN E. MORRIS, et al., | ) |
| | ) |
| Defendants | ) |

ORDER GRANTING LEAVE TO PROCEED
*IN FORMA PAUPERIS*

Plaintiff, an inmate at the Atlantic County Justice Facility in Mays Landing, New Jersey, seeks leave to proceed *in forma pauperis*. The Application to proceed *in forma pauperis* has been completed and is accompanied by a Certificate signed by an authorized individual from the Institution. The Certificate evidences that the applicant has a **negative** balance in his account of -$584.64; that over the last six months there have been no deposits made to his account and the average monthly balance has been zero.

The application is GRANTED, however, pursuant to 28 U.S.C. section 1915(b)(1), Plaintiff is required to pay the entire filing fee in this matter as funds become available. An initial partial filing fee is hereby ASSESSED in the amount of $1.00. In the event Plaintiff elects to proceed with this matter and so notifies the Court, the initial partial filing fee shall be forwarded by the institution as soon as funds are available. Subsequent payments **of twenty percent (20%) of Plaintiff's prior monthly income** shall be forwarded directly **by the institution** each time the amount in the inmate's account exceeds $10.00 until such time as the entire filing fee of $350.00 has been paid. Plaintiff is advised that, in the event he is released

from incarceration prior to the filing fee of $350.00 being paid in full, he is still required to pay the entire filing fee, absent further order of the court relieving him of the obligation.

In addition, Plaintiff is hereby on notice that the Court may dismiss this action if it:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). If the Court does dismiss the action under this section, Plaintiff will still be required to pay the filing fee in full.

Further, Plaintiff is hereby on notice that a prisoner with three in forma pauperis actions dismissed under section 1915(e) may not thereafter, absent "imminent danger of serious physical injury," file a new action without prepayment of the entire filing fee. 28 U.S.C. § 1915(g).

Before Robinson decides to incur the cost of this suit I caution him that his current action, at least in part, is susceptible to dismissal. He seeks monetary relief from the state defendants, Governor Paul LePage and John Morris, the Commissioner of the Department of Public Safety,[1] in their official capacities and such claims are barred by the doctrine of sovereign immunity. See Poirier v. Massachusetts Dept. of Correction, 558 F.3d 92, 97 & n.6 (1st Cir. 2009).

I further note that Robinson has previously filed a civil rights action in this court which was dismissed as frivolous under 28 U.S.C. § 1915. Robinson v. McNamara, Civil No. 09-267-B-W, 2009 WL 2462624, 1 (D. Me. Aug. 11, 2009) (related to his sex offender group therapy).[2] I also note that Robinson has pending 42 U.S.C. § 1983 actions in the District of New Jersey. See Robinson v. Andrews, 3:11-cv-00252-JAP –TJB (D. N.J. 2011)(unconstitutional use of force

---

[1] Robinson has listed as a defendant the "Maine Sex Offender Registry" which is obviously not an entity that can be sued.

[2] Robinson also filed a 28 U.S.C. § 2254 petition that was denied. Robinson v. Warden, 1:02-cv-00046-GZS (D.Me. 2002).

during arrest); Robinson v. Lobiondo, 3:11-cv-03964-JAP–DEA (D.N.J. 2011)(challenge to federal Sex Offender Notification and Registration Act, complaint filed July 11, 2011, no further docket activity).[3]

Now therefore, Plaintiff shall notify the Court no later than November 1, 2011, whether he intends to incur the cost of the filing fee and proceed with this action, or whether he intends to forego this litigation at this time. If Plaintiff elects to proceed, the written notification shall clearly indicate that Plaintiff understands his obligation to pay the full $350 filing fee as funds are available, and that he nevertheless wishes to proceed with the action. Failure to fully comply with this Order will result in the issuance of a recommendation to dismiss the Complaint. A copy of this Order shall be forwarded to the Business Office of the Atlantic County Justice Facility in Mays Landing, New Jersey, *following* Plaintiff's **indication to the Court that he intends to go forward with this matter and incur the $350.00 cost of suit.**

SO ORDERED.

October 11, 2011                              /s/ Margaret J. Kravchuk
                                              U.S. Magistrate Judge

---

3   This complaint seems to closely parallel the one currently before this court.