UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VINCENT LEE ROBINSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:11-cv-00378-DBH |
| | ) |
| JOHN E. MORRIS, et al., | ) |
| | ) |
| Defendants | ) |

## RECOMMENDED DECISION

On October 11, 2011, I issued an order granting Vincent Robinson *in forma pauperis* status and directing him to inform the court no later than November 1, 2011, whether he intends to incur the cost of the filing fee and proceed with this action, or whether he intends to forego this litigation at this time. Robinson was advised that failure to fully comply with the order will result in the issuance of a recommendation to dismiss the complaint.

I cautioned Robinson that this action is, at least in part, susceptible to dismissal in that he seeks monetary relief from state defendants, who, in their official capacities, are protected by sovereign immunity as to such claims. See Poirier v. Massachusetts Dept. of Correction, 558 F.3d 92, 97 & n.6 (1st Cir. 2009). I also noted that a prisoner with three *in forma pauperis* actions dismissed under 28 U.S.C.§ 1915(e) may not thereafter, absent "imminent danger of serious physical injury," file a new action without prepayment of the entire filing fee. 28 U.S.C. § 1915(g). I noted in my prior order (Doc. No. 3) Robinson's history of prior litigation and the fact that he appears to have a parallel case pending in the District of New Jersey, the current site of his confinement. I gave Robinson until November 1, 2011, to notify this court as to whether

he wanted to proceed with his lawsuit here against Governor LePage, Commissioner Morris, and the "Maine Sex Offender Registry."

As of today's date, the court has received no communication from plaintiff. Therefore, I recommend the complaint be DISMISSED in its entirety for Robinson's failure to prosecute the action and that no order regarding collection of the filing fee issue from this court.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

November 7, 2011

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge